IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSEPHINE VAUGHN                                                                         PLAINTIFF

vs.                                         Civil No. 4:12-cv-04074

CAROLYN W. COLVIN                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Josephine Vaughn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff filed her DIB and SSI applications on November 6, 2009.  (Tr. 15, 112, 119).  In her applications, Plaintiff claims to be disabled due to congestive heart failure, seizures, and nerve damage on her right side.  (Tr. 147).  Specifically, Plaintiff claims these impairments impact her in the following ways:

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

> I can't walk very far because my legs just give out. I have pain and numbness in my left leg. I can't breathe very well. I'm on two types of fluid medicines and still can't half breathe at times. I have pressure in my chest, it goes down my arm and I break out in a sweat. I was told to take Nitroglycerine when that happens. I also have seizures and I have about two every 3 or 4 months, depending upon how much stress I am under. I stopped work on 8-17-09 and had a seizure on 8-19-09, was admitted to the hospital and found I had congestive heart failure. I was told my heart was operating at about 30%.

(Tr. 147). Plaintiff alleges an onset date of August 18, 2009. (Tr. 15, 112, 119). These applications were denied initially and again upon reconsideration. (Tr. 60-63). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 75-84).

Plaintiff's administrative hearing was held on December 14, 2010 in Texarkana, Arkansas. (Tr. 29-59). Plaintiff was present at this hearing but was not represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Michael Gartmin testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 37). As for her level of education, Plaintiff testified she had completed high school. (Tr. 38).

On March 25, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 15-24). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 18, 2009, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: morbid obesity, degenerative disc disease of the lumbar spine, hypertension, asthma, chronic obstructive pulmonary disease (COPD), history of seizure disorder, history of congestive heart failure (CHF), affective disorder, and nicotine addiction. (Tr. 17, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the

Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17-18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally, less than 10 pounds frequently, stand and walk 2 hours of an 8 hour workday and sit 6 hours of an 8 hour workday as defined in 20 CFR 404.1567(a) and 416.967(a) narrowed by the need for simple, routine tasks, avoiding exposure to hazardous machinery and unprotected heights, exposure to fumes, odors, dusts, gases and poor ventilation. The residual functional capacity is based on the evidence of record and testimony at the hearing.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW. (Tr. 22, Finding 6). The ALJ then determined whether a hypothetical individual with Plaintiff's limitations retains the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23). The VE testified at the administrative hearing regarding this issue. (Tr. 23). Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as assembler (sedentary, unskilled) with 500 such jobs in Arkansas and 27,000 such jobs in the United States; bench hand worker (sedentary, unskilled) with 500 such jobs in Arkansas and 27,000 in the United States; and election worker (sedentary, unskilled) with 700 such jobs in Arkansas and 95,000 in the United States. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not be under a disability as defined in the Act from her alleged onset date or from August 18, 2009

through the date of the ALJ's decision or through March 25, 2011. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 110-111). On June 19, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 3, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 19, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

4

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in finding she did not meet the requirements of Listing 4.04 for heart disease; (2) the ALJ erred when he found she could perform sedentary work as an assembler, bench hand, and election clerk because this finding was

5

inconsistent with the *Dictionary of Occupational Titles;* (3) the ALJ erred in failing to evaluate the severity of her impairments and limited mental RFC when finding she was capable of sedentary work; and (4) the ALJ did not give proper consideration to her chronic chest pain, depression, anxiety, poor concentration, and chronic fatigue. ECF No. 8 at 1-20. Because this Court agrees with Plaintiff's fourth argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly discounted her subjective complaints, this Court will only address the fourth issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, Plaintiff claimed she was unable to sit for six out of eight hours in a workday. (Tr. 52).  Plaintiff testified she was unable to sit for such a long period of time due to her chronic pain and other limitations.  *Id.*  The ALJ discounted Plaintiff's testimony and found in his RFC determination that she was able to sit for six hours out of an eight-hour workday.  (Tr. 18-22, Finding 5).  In deciding to discount this alleged limitation, the ALJ did not comply with *Polaski* and did not give sufficient reasons for discounting that alleged limitation.  In his opinion, the ALJ properly stated the *Polaski* factors but then discounted this alleged limitation primarily because it was not supported by the medical records. (Tr. 18-22).  Specifically, the ALJ stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some fo the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 20).

Indeed, it appears the only *Polaski* factor the ALJ considered related to Plaintiff's daily

activities. (Tr. 21). He noted, "Her activities of daily living include housekeeping, taking care of her daughter and independently attending to her own personal grooming. She also cooks and drives." *Id.* As Plaintiff testified, however, her daughter was eighteen (18) years old at the time of the hearing. (Tr. 37-38). Also, even though Plaintiff reported being able to keep her house, attend her personal grooming, cook, and drive, she also reported she was not able to perform any of these activities on a consistent or sustained basis or without a sit and stand option. (Tr. 176-183). Accordingly, Plaintiff's daily activities do not provide a basis for entirely discounting this alleged limitation.

The ALJ's decision to discount Plaintiff's claim regarding her sitting limitation based almost entirely upon her objective medical records alone was in error and in violation of *Polaski*. *See Polaski,* 739 F.2d at 1322. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of May 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

8